United States District Court
Central District of Illinois

**Robbie J. Moore,**
    **Plaintiff,**

      vs.          06-2153

**Vermillion County, et al.,**
    **Defendants.**

### ORDER

Before the court is the plaintiff's complaint brought pursuant to 42 U. S. C. Section 1983. He names as defendants, Vermilion County, Claudia Smith Anderson, Larry Mills, Lisa Lovelace, William Sohn and Thomas J. Fahey.

### Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

## Allegations

The plaintiff is currently incarcerated at Pontiac Correctional Center. His allegations are vague, but the court believes it has an understanding of the plaintiff's complaint.

Generally, this plaintiff was charged with criminal charge(s) in 1996, was found guilty and later the verdict was reversed by the Illinois Supreme Court. The plaintiff was recharged in 2000 and found guilty and is now serving a sentence for the charge(s) within the Illinois Department of Corrections. He received a sentence of 90 years. The Illinois Appellate court recognized that the 90 years was a harsher sentence than the 67 years he was sentenced to in the 1996 case. The sentence was reduced to 60 years. The plaintiff wanted his appointed attorney to appeal to the Illinois Supreme Court. In the meantime, the plaintiff was transferred from Menard Correctional Center to the Pontiac Correctional Center. He advised the public defender of his relocation in writing. He also requested that the public defender to file a motion for leave to file an appeal in the Illinois Supreme Court. The plaintiff says two weeks after the 30-day appeal deadline, he received a letter from the public defender wherein he advised the plaintiff that "he refused to file an appeal in the" Illinois Supreme Court, alongwith a pro se filing kit. The plaintiff says the "idiot" had sent it to Menard Correctional Center, so he received the letter late. The plaintiff has filed a post conviction relief petition. Further, he states the petition has been denied and he has appealed.

For relief, the plaintiff requests payment for violations of Illinois Constitutional Rights and U. S. Constitutional Rights, civil rights, cruel and unusual punishment, mental anguish, emotional anguish, loss of life and liberty and violations of due process of law. He wants $4,000,000.

## Discussion and Conclusion

"[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Prisoners "challeng[ing] the fact or duration of their confinement and seek[ing] immediate or speedier release" (such as the restoration of good time credits) must pursue their challenge under the federal habeas statute, not § 1983. *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000), *citing Preiser*, 411 U.S. at 489-90. Additionally, a suit for damages under § 1983 that challenges an underlying conviction or sentence, or challenges "actions whose unlawfulness would render a conviction or sentence invalid," does not accrue until that conviction or sentence has been

invalidated.[2]  *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994).  Here, the plaintiff's conviction or sentence has not been invalidated.  Therefore, the plaintiff's complaint is dismissed.

Further, the court denies the plaintiff's motion for appointment of counsel.  Appointment of counsel is not warranted in this case.  Neither the legal issue raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary.  The plaintiff appears more than capable of presenting his case.  The plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint.  *See Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir. 1983).  It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits.  The motion is denied pursuant to *Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981).  *See  Merritt*, 697 F.2d 761, 763 (7th Cir. 1983) and *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

**It is therefore ordered:**

1. **The plaintiff's motion for appointment of counsel [2] is denied.**
2. **Pursuant to *Preiser, DeWalt and Heck*, the plaintiff's entire complaint is dismissed.**
3. **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office.  Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**
4. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g). The plaintiff is advised that the appellate filing fee is currently $455.00.**

**Enter this 18th  day of October 2006.**

/s/ Michael P. McCuskey
_____
**Michael P. McCuskey**
**United States District Court**

---

[2]The underlying conviction or sentence is invalidated if it is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. Section 2254."  *Heck v. Humphrey*, 512 U.S. at 486-487.