IN THE UNITED STATES DISTRICT COURT
FOR THE Central DISTRICT OF ILLINOIS

Robbie J. Moore
    Plaintiff/Appellant,

vs.

Vermillion County
    Defendant/Appellee(s).

Case No. 206-2153

FILED
OCT 24 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

### NOTICE OF APPEAL

Notice is hereby given that Plaintiff, Robbie J. Moore, pro se, appeals to the United States Court of Appeals for the Seventh Circuit, the decision of the United States District Court for the Central District of Illinois, denying/dismissing his Civil Action Complaint. The Order of the District Court was entered on Oct. 18th, 2006.

Respectfully submitted,

Robbie J. Moore
Plaintiff/Appellant

## SEVENTH CIRCUIT APPEAL INFORMATION SHEET

*Include names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use separate sheet if needed.*

*District:* CENTRAL DISTRICT OF IL         *Docket No.:* 06-2153

*Division:* DANVILLE/URBANA

***Plaintiff (Petitioner)  Short Caption  Defendant (Respondent)***

ROBBIE J MOORE                                    v.      VERMILION COUNTY, ET AL

---

*Current Counsel for Plaintiff (Petitioner):*          *Current Counsel for Defendant (Respondent):*

*(Use separate sheet for additional counsel)*

*Name:* Robbie J Moore                             *Name:* NONE

*Firm:* B 16483                                    *Firm:*

*Address:* P. O. Box 99                            *Address:*

Pontiac, IL  61764

*Phone:*                                           *Phone:*

---

*Judge:* Michael P. McCuskey                       *Nature of Suit Code:* 550

*Court Reporter:* NONE                             *Date Filed in District Court:* 8/17/06

                                                   *Date of Judgment:* 10/18/06

                                                   *Date of Notice of Appeal:* 10/24/06

*Counsel:*   ___Appointed      ___Retained    _X_ Pro Se

*Fee Status:*   ___Paid    ___Due    ___IFP    _X_ IFP Pending    ___U.S.    ___Waived

*(Please mark only 1 item above)*

Has Docketing Statement been filed with the District Court's Clerk's Office:       ___Yes      ___No

If 28 U.S.C. §2254 or 28 U.S.C. §2255, was certificate of appealability: ___granted; ___denied; ___pending

If certificate of appealability was granted or denied, what is the date of the order: _____

If Defendant is in Federal custody, please provide United States Marshal number (USM#): _____

**IMPORTANT:  THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(a).10**

**FILED**
**OCT 24 2006**
S. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FORM 4.
AFFIDAVIT ACCOMPANYING MOTION FOR
PERMISSION TO APPEAL IN FORMA PAUPERIS

United States District Court for the
_Central_ District of _Illinois_

Robbie J. Moore
A.B., Plaintiff

v.

Vermillion County
C.D., Defendant

Case No. 2:06-2153

### Affidavit in Support of Motion

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Signed: Robbie Moore

### Instructions

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: 10-20-06

My issues on appeal are: Violation of Civil Rights, Illinois Constitutional Rights, U.S. Constitutional Rights.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $None | $None | $None | $None |
| Self-employment | $None | $None | $None | $None |
| Income from real property (such as rental income) | $None | $None | $None | $None |
| Interest and dividends | $None | $None | $None | $None |
| Gifts | $None | $None | $None | $None |
| Alimony | $None | $None | $None | $None |
| Child support | $None | $None | $None | $None |
| Retirement (such as social security, pensions, annuities, insurance) | $None | $None | $None | $None |
| Disability (such as social security, insurance payments) | $None | $None | $None | $None |

87

| | | | | | |
|---|---|---|---|---|---|
| Unemployment payments | _None_ | _None_ | | _None_ | _None_ |
| Public-assistance (such as welfare) | $ _None_ | $ _None_ | | $ _None_ | $ _None_ |
| Other (specify): _State Pay_ | $ _None_ | $ _None_ | | $ _None_ | $ _None_ |
| | $ _120.00_ | $ _None_ | | $ _10.00_ | $ _None_ |
| **Total monthly income:** | $ _10.00_ | $ _None_ | | $ _10.00_ | $ _None_ |

2. List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| _None_ | | | |

3. List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| _None_ | | | |

4. How much cash do you and your spouse have? $ _____
Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| _None_ | | | |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home | (Value) | Other real estate | (Value) | Motor Vehicle #1 (Value) |
|---|---|---|---|---|
| _None_ | | | | Make & year: _____ |
| | | | | Model: _____ |

88

_____ _____ Registration # _____

Motor Vehicle #2           (Value) Other assets           (Value) Other assets           (Value)

Make & year: _____ _____ _____

Model: _____ _____ _____

Registration # _____ _____ _____

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| None | | |
| | | |
| | | |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| None | | |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. $10.00 (monthly)

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home) | $ None | $ None |
| Are real estate taxes included? [ ] Yes [X] No | | |
| Is property insurance included? [ ] Yes [X] No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ None | $ None |
| Home maintenance (repairs and upkeep) | $ None | $ None |
| Food | $ None | $ None |
| Clothing | $ None | $ None |
| Laundry and dry-cleaning | $ None | $ None |
| Medical and dental expenses | $ None | $ None |

89

| | | |
|---|---|---|
| Transportation (not including motor vehicle expenses | $ None | $ None |
| Recreation, entertainment, newspapers, magazines, etc. | $ None | $ None |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| Homeowner's or renter's | $ None | $ None |
| Life | $ None | $ None |
| Health | $ None | $ None |
| Motor vehicle | $ None | $ None |
| Other: _____ | $ None | $ None |
| Taxes (not deducted from wages or included in mortgage payments) (specify): None | $ None | $ None |
| Installment payments | $ None | $ None |
| Motor Vehicle | $ None | $ None |
| Credit card (name): _____ | $ None | $ None |
| Department store (name): _____ | $ None | $ None |
| Other: _____ | $ None | $ None |
| Alimony, maintenance, and support paid to others | $ None | $ None |
| Regular expenses for operation of business, profession, or farm (attach detail) | $ None | $ None |
| Other (specify): _____ | $ None | $ None |
| Total monthly expenses: | $ 10.00 | $ None |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

[ ] Yes [X] No   If yes, describe on an attached sheet.

10. Have you paid-or will you be paying-an attorney any money for services in connection with this case, including the completion of this form?

[ ] Yes [X] No   If yes, how much? $_____

If yes, state the attorney's name, address, and telephone number:

_____
_____
_____

11. Have you paid-or will you be paying-anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form? Filing Fees

90

[X] Yes [ ] No  If yes, how much? $ __455.00__

If yes, state the person's name, address, and telephone number:

__Clerk of the U.S. District Court__

12. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.
 __I am incarsirated.__

13. State the address of your legal residence.

Your daytime phone number: (___) _____

Your age: __37__   Your years of schooling: __12__

Your social-security number: __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__

**United States District Court**
**Central District of Illinois**

**Robbie J. Moore,**
        **Plaintiff,**

        vs.        06-2153

**Vermillion County, et al.,**
        **Defendants.**

## ORDER

Before the court is the plaintiff's complaint brought pursuant to 42 U. S. C. Section 1983. He names as defendants, Vermilion County, Claudia Smith Anderson, Larry Mills, Lisa Lovelace, William Sohn and Thomas J. Fahey.

### Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

## Allegations

The plaintiff is currently incarcerated at Pontiac Correctional Center. His allegations are vague, but the court believes it has an understanding of the plaintiff's complaint.

Generally, this plaintiff was charged with criminal charge(s) in 1996, was found guilty and later the verdict was reversed by the Illinois Supreme Court. The plaintiff was recharged in 2000 and found guilty and is now serving a sentence for the charge(s) within the Illinois Department of Corrections. He received a sentence of 90 years. The Illinois Appellate court recognized that the 90 years was a harsher sentence than the 67 years he was sentenced to in the 1996 case. The sentence was reduced to 60 years. The plaintiff wanted his appointed attorney to appeal to the Illinois Supreme Court. In the meantime, the plaintiff was transferred from Menard Correctional Center to the Pontiac Correctional Center. He advised the public defender of his relocation in writing. He also requested that the public defender to file a motion for leave to file an appeal in the Illinois Supreme Court. The plaintiff says two weeks after the 30-day appeal deadline, he received a letter from the public defender wherein he advised the plaintiff that "he refused to file an appeal in the" Illinois Supreme Court, alongwith a pro se filing kit. The plaintiff says the "idiot" had sent it to Menard Correctional Center, so he received the letter late. The plaintiff has filed a post conviction relief petition. Further, he states the petition has been denied and he has appealed.

For relief, the plaintiff requests payment for violations of Illinois Constitutional Rights and U. S. Constitutional Rights, civil rights, cruel and unusual punishment, mental anguish, emotional anguish, loss of life and liberty and violations of due process of law. He wants $4,000,000.

## Discussion and Conclusion

"[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Prisoners "challeng[ing] the fact or duration of their confinement and seek[ing] immediate or speedier release" (such as the restoration of good time credits) must pursue their challenge under the federal habeas statute, not § 1983. *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000), *citing Preiser*, 411 U.S. at 489-90. Additionally, a suit for damages under § 1983 that challenges an underlying conviction or sentence, or challenges "actions whose unlawfulness would render a conviction or sentence invalid," does not accrue until that conviction or sentence has been

invalidated.[2] *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994). Here, the plaintiff's conviction or sentence has not been invalidated. Therefore, the plaintiff's complaint is dismissed.

Further, the court denies the plaintiff's motion for appointment of counsel. Appointment of counsel is not warranted in this case. Neither the legal issue raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting his case. The plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. *See Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir. 1983). It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. The motion is denied pursuant to *Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981). *See Merritt*, 697 F.2d 761, 763 (7th Cir. 1983) and *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

**It is therefore ordered:**

1. **The plaintiff's motion for appointment of counsel [2] is denied.**
2. **Pursuant to *Preiser, DeWalt and Heck*, the plaintiff's entire complaint is dismissed.**
3. **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**
4. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g). The plaintiff is advised that the appellate filing fee is currently $455.00.**

**Enter this 18th day of October 2006.**

>  /s/ Michael P. McCuskey
>  _____
>  **Michael P. McCuskey**
>  **United States District Court**

---

[2] The underlying conviction or sentence is invalidated if it is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. Section 2254." *Heck v. Humphrey*, 512 U.S. at 486-487.

AO 450 (Rev. 5/85) Judgment in a Civil Case

**E-FILED**
Wednesday, 18 October, 2006 11:16:02 AM
Clerk, U.S. District Court, ILCD

# United States District Court
### CENTRAL DISTRICT OF ILLINOIS

## JUDGMENT IN A CIVIL CASE

**ROBBIE MOORE,**
**Plaintiff,**

vs.   Case Number: **06-2153**

**VERMILION COUNTY, ET AL.,**
**Defendants.**

☐ **DECISION BY THE COURT**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the plaintiff's complaint is dismissed.  Case termiaated.

ENTER this 18th day of October 2006.

s/JOHN M. WATERS, CLERK

JOHN M. WATERS, CLERK

s/K. Wynn
BY:  DEPUTY CLERK

17, 21, APPEAL, CLOSED, PRISONER, PRO SE, REFER

# U.S. District Court
## United States District Court for the Central District of Illinois (Urbana)
## CIVIL DOCKET FOR CASE #: 2:06-cv-02153-MPM-DGB
## Internal Use Only

| | |
|---|---|
| Moore v. Vermilion County et al | Date Filed: 08/17/2006 |
| Assigned to: Chief Judge Michael P. McCuskey | Date Terminated: 10/18/2006 |
| Referred to: Magistrate Judge David G. Bernthal | Jury Demand: None |
| Cause: 42:1983 Prisoner Civil Rights | Nature of Suit: 550 Prisoner: Civil Rights |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Robbie J Moore**          represented by **Robbie J Moore**
B 16483
PCC
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL 61764
PRO SE

V.

**Defendant**

**Vermilion County**

**Defendant**

**Claudia Smith Anderson**
*Sued as Claudia Anderson (via) Vermilion County*

**Defendant**

**Larry Mills**

**Defendant**

**Lisa Lovelace**

**Defendant**

**William Sohn**

**Defendant**

**Thomas J Fahey**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2006 | 1 | PETITION TO PROCEED IN FORMA PAUPERIS and Complaint against Vermilion County, Claudia Smith Anderson, Larry Mills, Lisa Lovelace, William Sohn, Thomas J Fahey, filed by Robbie J Moore.(KW, ilcd) (Entered: 08/17/2006) |
| 08/17/2006 | 2 | MOTION to Appoint Counsel by Plaintiff Robbie J Moore.Responses due by 8/31/2006 (KW, ilcd) (Entered: 08/17/2006) |
| 08/17/2006 |  | TEXT ORDER Entered by Judge David G. Bernthal on 8/17/2006. Petition to Proceed In Forma Pauperis 1 is granted. Pursuant to 28 U.S.C. Section 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.38. The agency having custody of Plaintiff is directed to forward the initial partial filing fee from Plaintiff`s account to the Clerk of Court. After payment of the initial partial filing fee (or immediately if no funds are available for that payment) the agency having custody of Plaintiff is directed to make monthly payments of 20 percent of the preceding month`s income credited to Plaintiff`s account to the Clerk of Court. The agency having custody of the plaintiff shall forward these payments each time Plaintiff`s account exceeds $10, until the filing fee of $350 is paid in full. The Clerk is directed to mail a copy of this order to Plaintiff`s place of confinement, to the attention of the Trust Fund Office. (KW, ilcd) (Entered: 08/17/2006) |
| 08/17/2006 | 3 | Letter from plaintiff (KW, ilcd) (Entered: 08/17/2006) |
| 08/17/2006 |  | MERIT REVIEW ORDER Entered by Chief Judge Michael P. McCuskey on 8/17/2006. This case is set for merit review. The court is required by 28 U.S.C. Section 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." The plaintiff must be prepared to identify each of his claims and defendants during the hearing. |

|  |  |  |
|---|---|---|
|  |  | The clerk is to notify the plaintiff's place of incarceration and to issue a writ for the plaintiff's participation in the video/telephone conference call.Merit Review Hearing set for 10/6/2006 at 11:00 AM by video conference (court to initiate conference) before Chief Judge Michael P. McCuskey. (KW, ilcd) Modified on 8/17/2006 (KW, ilcd). (Entered: 08/17/2006) |
| 08/18/2006 | 4 | Video WRIT issued for plaintiff for hearing on 10/6/06 at 11:00 a.m. Copy mailed and faxed to Concordia and Pontiac Corr Center. Copy mailed to plaintiff. (KW, ilcd) (Entered: 08/18/2006) |
| 08/28/2006 | 5 | Letter from plaintiff concerning a transcript of his state court record (KW, ilcd) (Entered: 08/29/2006) |
| 10/05/2006 |  | TEXT ORDER Entered by Chief Judge Michael P. McCuskey on 10/5/2006. The October 6, 2006 merit review conference is cancelled. The clerk of the court is directed to cancel the writ for the plaintiff's appearance and to notify his place of incarceration. A written order is to be entered. (KW, ilcd) (Entered: 10/05/2006) |
| 10/05/2006 |  | (Court only) *** Clerk`s Notes: Clerk's Office called Pontiac and spoke to Sandy and cancelled writ for plaintiff for hearing on 10/6/06 (KW, ilcd) (Entered: 10/05/2006) |
| 10/11/2006 |  | Prisoner Partial Filing Fee received in the amount of $ 2.00; receipt number U 5241 mailed to prisoner. (KW, ilcd) (Entered: 10/11/2006) |
| 10/12/2006 | 6 | Letter from plaintiff (KW, ilcd) (Entered: 10/12/2006) |
| 10/18/2006 | 7 | ORDER DISMISSING CASE Entered by Chief Judge Michael P. McCuskey on 10/18/2006. See written order. (KW, ilcd) (Entered: 10/18/2006) |
| 10/18/2006 | 8 | JUDGMENT in favor of Vermilion County, Claudia Smith Anderson, Larry Mills, Lisa Lovelace, Thomas J Fahey, William Sohn and against Robbie J Moore (KW, ilcd) (Entered: 10/18/2006) |
| 10/24/2006 | 9 | NOTICE OF APPEAL as to Order Dismissing Case 7, Judgment 8 by Robbie J Moore. (KW, ilcd) (Entered: 10/25/2006) |
| 10/24/2006 | 10 | PETITION for Leave to Appeal in forma pauperis by Plaintiff Robbie J Moore.Responses due by 11/7/2006 (KW, ilcd) |

|  |  |  |
|---|---|---|
|  |  | (Entered: 10/25/2006) |
| 10/25/2006 | 11 | Short Record of Appeal Sent to US Court of Appeals re Notice of Appeal 9 (KW, ilcd) (Entered: 10/25/2006) |